[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11327
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cr-00345-JOF-CCH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LISA R. LEE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 27, 2012)

Before DUBINA, Chief Judge, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Lisa Lee appeals her total 121-month sentence, imposed at the low end of the applicable guideline range, after pleading guilty to one count of conspiracy to commit bank, mail, and wire fraud in violation of 18 U.S.C. § 1349 (Count One), one count of aiding and abetting bank fraud in violation of 18 U.S.C. § 2 and § 1344 (Count Two), and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Count Three).

On appeal, Lee argues that her sentence was substantively unreasonable because it was greater than necessary to achieve the goals of 18 U.S.C. § 3553(a)(2). She asserts that she did not receive credit for her 23-month sentence that was imposed after the revocation of her supervised release from previous fraud convictions, yet the instant sentence punished the same conduct. She also argues that her sentence overstates the seriousness of her offense because the intended loss of her offense was substantially greater than the actual loss. Finally, she argues that her sentence is unreasonable because she was on good behavior for the 40 months between the offense and the sentencing hearing.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007). The party challenging a sentence has the burden to show that it was unreasonable. *United States v. Amedeo*, 487 F.3d 823, 832 (11th

2

Cir. 2007).  We reverse only where we are firmly convinced that the district court committed a clear error in weighing the § 3553(a) factors and imposed an unreasonable sentence in light of the facts.  *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S. Ct. 1813 (2011).  The court commits a clear error where it imposes a sentence that does not achieve the goals encompassed within § 3553(a).  *Id*. at 1189.  These goals include the need to reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes.  18 U.S.C. § 3553(a)(2)(A), (B), (C).

After reviewing the record and reading the parties' briefs, we conclude that Lee's 121-month sentence is reasonable.  Ordinarily, we expect a sentence that is imposed within the guideline range, such as Lee's, to be reasonable.  *See United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).  Lee's offense required sophisticated planning and document fraud, resulting in an actual loss of $561,019.29 and an intended loss of $1,882,740.92.  Considering the scope and sophistication of Lee's conduct and the harm that she intended to cause, a sentence within the guideline range adequately reflects the seriousness of her offense.  18 U.S.C. § 3553(a)(2)(A).

Further, a sentence within the guideline range will deter Lee from engaging

3

in criminal conduct in the future and will protect the public. *Id*. § 3553(a)(2)(B), (C). Lee has a history of fraud. She disregarded the terms of her supervised release in a previous fraud case when she committed the instant offenses. At sentencing, the government presented evidence that Lee continued to engage in fraudulent conduct until the sentencing hearing. Thus, we conclude from the record that the district court did not abuse its discretion in determining that a sentence within the guideline range was necessary to deter future criminal conduct and to protect the public.

Lee argues that the district court did give her credit for serving 23 months after revocation of her supervised release from previous convictions, yet the instant sentence punished the same conduct. However, the district court sentenced Lee at the revocation hearing based on her breach of trust in violating the terms of her release. *See* U.S.S.G. Ch. 7, Pt.A, intro. comment. (n. 3(b)) (2011) (commenting that sentencing at a revocation hearing is based on the defendant's breach of trust in violating the terms of release). The sentence did not serve as punishment for the underlying actions on which the revocation was based. *Id*. Accordingly, we conclude that the court did not abuse its discretion by imposing a sentence within the guideline range.

Lee argues that the district court erred in imposing her sentence because the

intended loss overstates the seriousness of her offense. The district court specifically rejected this argument, noting that the actual and intended loss estimates did not account for the totality of Lee's offensive conduct. In light of these considerations, a sentence within the guideline range does not substantially overstate the seriousness of Lee's offense. U.S.S.G. § 2B1.1, comment. (n.19(C)).

Finally, Lee argues that her sentence was unreasonable in light of her good behavior for the 40 months between the offense and the sentencing hearing. During much of this time, Lee was serving her 23-month revocation sentence. Further, the government submitted evidence at the sentencing hearing that Lee continued to engage in fraudulent conduct after her release. The district court rejected Lee's argument and, instead, relied on her history of fraud and recidivism. For these reasons, we conclude that the court did not abuse its discretion in denying a variance based on Lee's good behavior.

For the aforementioned reasons, we affirm Lee's sentence as reasonable.

**AFFIRMED.**